**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01896-CMA-NYW

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

    Plaintiffs and Counter-Defendants,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY;
TRAVELERS CASUALTY AND SURETY COMPANY *f/k/a* The Aetna
Casualty and Surety Company; and
HOLCIM (US) INC.,

    Defendants and Counter-Claimants.

---

**HOLCIM (US) INC.'S MOTION TO STAY DISCOVERY PENDING RULING ON ITS
MOTION TO DISMISS FOR LACK OF JURISDICTION (DOC. 145)**

---

   Holcim (US) Inc. ("Holcim") respectfully moves the Court for an Order temporarily

staying discovery in this case, pursuant to Fed. R. Civ. P. 26(c), until the Court has ruled

on Holcim's separately filed Motion to Dismiss (Doc. 145), which raises jurisdictional

challenges under Fed. R. Civ. 12(b)(1), Fed. R. Civ. P. 12(b)(7) and principles of

abstention.

### I.  Factual Background

   This is an insurance declaratory judgment case where the parties obtained

summary judgment rulings on key legal issues and then the case was administratively

closed for mediation.  Docs. 111, 114-115.  The insurers – Certain Underwriters at Lloyd's

London ("Underwriters"), Hartford Accident and Indemnity Company ("Hartford") and

Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company

("Travelers") – recently moved to reopen the case.  Doc. 131.

On August 2, 2021, the parties filed a Joint Status Report, attempting to explain their disagreement as to the scope and continued viability of the pleaded claims in this case, acknowledging many issues had been decided and resolved. Doc. 137. The Court gave the parties an opportunity to amend pleadings through July 30, 2021, but no pleading amendments were filed. Doc. 135, Doc. 137. The only claims now pending against Holcim are two declaratory crossclaims filed by Travelers and Hartford, which ask the Court to declare that:

> (a)    Underwriters are obligated to reimburse them for past defense costs they have paid at one or more of the sites;
>
> (b)    Underwriters are obligated to reimburse them for future defense costs paid by them at one or more of the sites;
>
> (c)    Underwriters are obligated to contribute to Holcim's defense in the future in an amount consistent with Underwriters' proper allocable share;
>
> (d)    Underwriters' defense obligation is not excess "other insurance";
>
> (e)    Underwriters' defense obligation is not excess any self-insurance limits; and
>
> (f)    Underwriters provide coverage on a primary basis.

Doc. 83, pp. 23-24; Doc. 86, pp. 25-26.

With these requests for declaratory relief pending, the insurers reported to the Court that they would like to have up to nine months to complete fact and expert discovery. Doc. 137, p. 13. Holcim advised the Court that it intended to file a motion to dismiss based on jurisdictional grounds, and that it thought the threshold jurisdictional questions should be decided before any discovery proceeds. *Id.*

After holding a telephonic status conference with the parties, the Court ordered the parties to further meet and confer regarding their respective positions on discovery

considering Holcim's anticipated Motion to Dismiss.  Doc. 141.  The Court asked the parties to identify by September 28, 2021 any issues that require court intervention.  *Id.*

The parties have again conferred about their respective discovery positions, and they are unable to reach agreement.  On August 24, 2021, Holcim explained to the insurers that it thought a stay of discovery is warranted while the motion to dismiss is pending, particularly when, as here, the motion raises jurisdictional challenges.  On August 28, 2021, the insurers responded that they will oppose any attempt to stay discovery.  The insurers intend to proceed with discovery "on issues concerning the scope of [Holcim's] defense" at three environmental sites in Washington, including "written and deposition discovery concerning work that has been and/or is being performed by or on behalf of Holcim … ."  Doc. 144. They anticipate that disclosure of experts and expert discovery may be necessary.  *Id.*

Holcim has now filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for mootness and lack of subject matter jurisdiction.  Doc. 145.  The Motion to Dismiss is alternatively brought under Fed. R. Civ. P. 12(b)(7) and Rule 19 for failure to join indispensable parties, and under principles of abstention where there is a more comprehensive suit pending in state court that can provide the parties with more complete relief.  *Id.*  If Holcim's Motion to Dismiss is granted, it will dispose of all claims.

II.    **Argument**

The Court has discretion under Fed. R. Civ. P. 26(c) to stay discovery pending ruling on a dispositive motion.  *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936) (recognizing that courts have discretion to stay discovery pending determination

of a dispositive motion); *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931) (the power to stay is incidental to the power of the court to control its docket economy of time and effort for the court, counsel, and litigants); Fed. R. Civ. P. 26(c)(1) (courts may, for good cause, enter protective orders concerning method, timing and scope of discovery).

Although discovery stays may generally be disfavored, they are *favored* when, as here, there are jurisdictional questions pending.  *Castro v. Holmberg*, No. 14-CV-00791-LTB-KMT, 2014 WL 4122175, at *1 (D. Colo. Aug. 21, 2014) ("decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted.") (emphasis in original); *see also, e.g.*, *W. Acceptance, LLC v. Gen. Agric. Inc.*, No. 20-CV-00052-CMA-KMT, 2020 WL 3839849, at *7 (D. Colo. July 8, 2020) (staying discovery pending resolution of motions to dismiss based on lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue and inadequate pleading); *Samuels v. Baldwin*, Case No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *1-2 (D. Colo. Jan. 16, 2015) (staying discovery pending resolution of motion to dismiss based on qualified immunity defenses; rejecting the plaintiff's argument that stay should only be had if the defendant could show probability of success on the merits of the motion to dismiss); *Banks v. Colo. Dep't of Corr.*, Case No. 13-cv-02599-KLM, 2014 WL 6675039, at *1-2 (D. Colo. Nov. 24, 2014) (staying discovery pending ruling on motion to dismiss based on qualified immunity); *Dawson v. Cont'l Ins. Co.*, No. 13-cv-03511-PAB-KMT, 2014 WL 1210285, at *2 (D. Colo. March 24, 2014) (staying discovery pending resolution of motion to dismiss based on preemption); *Harris v. U.S.*, No. 09-cv-02658-

PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) (staying discovery pending motion to dismiss based on subject matter jurisdiction; neither the court's nor the parties' interests are well-served by a "struggle over the substance of the suit" while the motion to dismiss is pending).

In deciding whether to stay discovery, the courts consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.* (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

For example, in *Western Acceptance*, the defendants filed motions to dismiss that challenged whether there was diversity jurisdiction, personal jurisdiction and proper venue, and further moved to compel mediation. 2020 WL 3839849, at *1-3.  The plaintiff argued the motions to dismiss were meritless and that it would be prejudiced by delaying discovery, which was anticipated to include electronic discovery, records productions and depositions of non-parties.  *Id.* at *2-5.  The court acknowledged that the plaintiff had an interest in proceeding expeditiously with discovery, and that there may be the potential for prejudice if discovery were delayed.  *Id.* at *5.[1]  Nonetheless, the anticipated discovery, which the Court described as "substantial" but "within the normal range," would be unduly

---

[1] *Cf. Samuels,* 2015 WL 23212 at *3 ("… the effect that a stay will have on the difficulty of discovery and trial is speculative, at best.").

burdensome because the outstanding motions to dismiss included threshold questions of whether the Court had proper jurisdiction. *Id.* at *6 (collecting cases).

Likewise, the *Western Acceptance* court continued, judicial economy and "court convenience" favors a stay when a jurisdictional challenge has been filed. 2020 WL 3839849, at *7 ("Indeed, judicial economy and resources would plainly be wasted if the court allowed discovery to proceed, only to later determine that Plaintiff's claims must be dismissed, submitted for alternate dispute resolution, or otherwise transferred to another forum."); *see also Samuels*, 2015 WL 232121, at *3 (if the case remains "in a stagnant state" pending ruling on a motion to dismiss, the court can devote time to the pending motion rather than scheduling and discovery issues, "[t]hus it is certainly more convenient for the Court to stay discovery until it is clear the case will proceed."); *Banks*, 2014 WL 6675039, at *2 ("it is certainly more convenient for the Court to enter a stay until it is clear which claims, if any, will move forward").

Further, the *Western Acceptance* court concluded that non-party interests favored a stay where the plaintiff anticipated conducting discovery that would involve non-parties. 2020 WL 3839849 at *7. And finally, the general public is interested in "efficient and just resolution," while "[a]voiding wasteful efforts by the court and the litigants," and these interests correspondingly favor a stay. *Id.*

As was the case in *Western Acceptance* and all the above authorities, the Court should similarly stay discovery in this case until the Court has ruled on Holcim's motion to dismiss and decided whether it has proper jurisdiction, and whether, in its discretion, it will continue to exercise jurisdiction or else abstain.

Looking at the first factor, there is little to no prejudice that would result from a temporary stay.   This case was recently reopened and there is not yet a trial setting or any scheduling order that would have to be modified if a stay were granted.  If any portion of the case remains after ruling on the Motion to Dismiss, the parties would be positioned to address scope of discovery and they could quickly report to the Court with a proposed discovery and scheduling plan.

Also, it is worth noting that this is a declaratory judgment action where Travelers and Hartford are in the role of cross-claimants, but, unlike typical plaintiffs, they are not seeking to recover damages from Holcim, their insured.  As a result, even if litigation were ultimately delayed by a stay, it is not as if they would be prejudiced by a delay in recovering from Holcim.  Indeed, it is Holcim that might be prejudiced by litigation delays. However, any such prejudice is outweighed by the burden Holcim would face if it must proceed with costly discovery in this case only to have the Court confirm there is no longer proper subject matter jurisdiction.

To highlight the burden, consider, for example, that the insurers want written discovery and depositions concerning the nature of certain environmental work performed in connection with the environmental sites in Washington.  They further indicate expert discovery is likely.   They want this discovery to support their new contention that a significant part of Holcim's tendered costs were not defense expenses, but instead, remediation or landfill compliance costs.  The discovery relates to the "defense versus indemnity" issue that is described in the parties August 2, 2021 Joint Status Report (Doc. 137) and, more fully, in Holcim's Motion to Dismiss (Doc. 145).  As explained in the Motion

to Dismiss, it is an issue that impacts Holcim's excess insurers and, potentially, an alleged additional insured, who are parties to a parallel state court suit in Washington, but who are not joined here, and who cannot be joined here for jurisdictional and venue reasons. Thus, if discovery proceeds, without deciding the jurisdictional issues first, there is a high probability that it would have to be duplicated in the Washington case where the other interested parties are joined. This is a clear case of undue burden if discovery proceeds before jurisdictional issues are addressed.

Further, as in the above cases, the Court's own convenience should be considered. If discovery proceeds now, there will be inevitable discovery disputes requiring court intervention. From Holcim's perspective, there is a complete disconnect between the existing requests for declaratory relief and the discovery that the insurers intend to seek. It is thus not only foreseeable, but a near certainty, that the Court would have to devote time and judicial resources to resolve discovery disputes, when it instead could be focusing on the dispositive motion. And if the Court decides jurisdiction is lacking, the time and effort will have been wasted. Thus, the Court should exercise its discretion and stay discovery until there is ruling on Holcim's motion to dismiss. *Id. See also Samuels*, 2015 WL 232121, at *3 ("it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed").

Additionally, the interests of non-parties support a stay. The insurers want written discovery and depositions concerning environmental work performed by non-party environmental consultants and they indicate expert discovery is likely. All these non-parties have an interest in being protected from discovery until the Court decides, in the

first instance, that it has proper jurisdiction. They likewise have an interest in avoiding duplicate discovery proceedings in both this case and the Washington case.

Finally, the public's general interest in efficient handling of legal disputes, avoiding unnecessary expenditures, and preserving judicial resources, also favors a stay while the Motion to Dismiss pends.

### III.     Conclusion

For the foregoing reasons, all discovery should be stayed until the Court has ruled on Holcim's Motion to Dismiss and decided the threshold questions set forth in that Motion, including whether the Court continues to have proper subject matter jurisdiction, whether the pending claims must be dismissed for failure to join indispensable parties, and whether the Court, in its discretion, will otherwise abstain from exercising jurisdiction.

Dated:  September 3, 2021

Respectfully submitted,

s/Michael W. Rhodes
Michael W. Rhodes
Robyn L. Anderson
Michael J. Abrams
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO  64108
(816) 292-2000
michael.rhodes@lathropgpm.com
robyn.anderson@lathropgpm.com
michael.abrams@lathropgpm.com

Stephen K. Dexter
Lathrop GPM LLP
1515 Wynkoop St., Suite 600
Denver, CO  80202
(720) 931-3200
stephen.dexter@lathropgpm.com

COUNSEL FOR HOLCIM (US) INC.

## CERTIFICATE OF SERVICE

I certify that on September 3, 2021, the foregoing was served on all attorneys of record through the Court's CM/ECF system.

s/ Michael W. Rhodes