IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01896-CMA-NYW

CERTAIN UNDERWRITERS AT LLOYDS, LONDON,

    Plaintiff,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY,
TRAVELERS CASUALTY AND SURETY COMPANY, and
HOLCIM (US) INC.,

    Defendants.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter is before the court on three Motions:

(1) Holcim (US) Inc's Motion to Stay Discovery Pending Ruling on its Motion to Dismiss for Lack of Jurisdiction (the "Motion to Stay Discovery") [Doc. 146,[1] filed September 3, 2021];

(2) The Motion to Stay/Continue Briefing on Holcim's Motion to Dismiss Pending Ruling on Holcim's Motion to Stay Discovery by Certain Underwriters at Lloyd's, London; Hartford Accident and Indemnity Company; and Travelers Casualty and Surety Company f/k/a Surety Company f/k/a The Aetna Casualty and Surety Company (the "Motion to Stay Briefing") [Doc. 149, filed September 24, 2021]; and

---

[1] Where the court refers to the filings made in Electronic Court Filing ("ECF") system in this action, it uses the convention [Doc. ____].

(3) Holcim (US) Inc's Motion for Leave to File Surreply to the Insurers' Motion to Stay/Continue Briefing on Holcim's Motion to Dismiss for Lack of Jurisdiction (the "Motion for Leave to File Surreply") [Doc. 155, filed October 25, 2021].

The court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 1, 2018 [Doc. 19], and the Memoranda dated September 3, 2021 [Doc. 147]; September 27, 2021 [Doc. 150]; and October 26, 2021 [Doc. 156]. Upon review of the Motions, the related briefing, the entire case docket, and applicable case law, the court concludes that oral argument would not materially assist in the resolution of these matters. Being fully advised in the premises, the Motion to Stay Discovery is **DENIED**. In addition, the Motion to Stay Briefing is **DENIED as moot** and the Motion for Leave to File Surreply is **DENIED**.

## BACKGROUND

Plaintiff Certain Underwriters at Lloyd's, London ("Plaintiff") initiated this civil action in state court on June 27, 2018 against Defendants Hartford Accident and Indemnity Company ("Hartford"), Travelers Casualty and Surety Company ("Travelers"), and Holcim (US), Inc. ("Holcim") (collectively, "Defendants"). *See* [Doc. 23]. Plaintiff sought a declaratory judgment that any duty to defend that it owed to Holcim arising out of claims associated with certain environmental contamination was in excess of insurance policies issued to Holcim by Hartford and Travelers. [*Id.* at ¶ 1]. Defendants removed the case to federal court on July 26, 2018. [Doc. 1]. The case was assigned to the Honorable Christine M. Arguello and referred to the undersigned. [Doc. 18; Doc. 19].

This court held a Scheduling Conference on September 20, 2018. [Doc. 52]. The court and the Parties discussed a bifurcated case schedule, with the first phase consisting of motions for summary judgment, followed by a mediation. [*Id.* at 1]. Each Party filed a motion for summary judgment. *See* [Doc. 73; Doc. 81; Doc. 82; Doc. 84]. Moreover, relevant here, Travelers and Hartford each amended their answers to assert crossclaims, seeking declarations that Plaintiff is obligated to reimburse them for past and future defense costs, that Plaintiff is obligated to contribute to Holcim's defense, and that Plaintiff's coverage is primary and not excess. *See generally* [Doc. 83; Doc. 86].

On August 5, 2019, the presiding judge granted Holcim's motion for summary judgment, granted in part and denied in part Hartford's and Travelers's motions for summary judgment, and denied Plaintiff's motion for summary judgment. [Doc. 111 at 28]. In light of these rulings, this court convened a Status Conference on August 21, 2019 to discuss the Parties' planned mediation and administrative closure of this action pending that mediation. [Doc. 113]. The parties moved for administrative closure of this case, [Doc. 114], and the case was administratively closed on September 5, 2019 for a period of six months. [Doc. 115]. The administrative closure was subsequently extended six additional times upon the request of the Parties, *see* [Doc. 117; Doc. 119; Doc. 123; Doc. 125; Doc. 128; Doc. 129]. The Parties moved to re-open the case on June 7, 2021. [Doc. 131].

While the case was administratively closed, Plaintiff and Holcim stipulated to the dismissal of all claims pending between them. [Doc. 120]. Thus, the only claims remaining against Holcim are the declaratory crossclaims raised by Travelers and Hartford. *See* [Doc. 146 at 2]. In addition, on June 28, 2021, Holcim filed a Notice of

Related Suit, informing the court that it filed a declaratory judgment action in Washington state court (the "State Court Action") against, *inter alia*, Plaintiff, Travelers, and Hartford, seeking declaratory relief related to its insurers' duties to indemnify Holcim. [Doc. 134; Doc. 134-1].

This court held a Status Conference on August 19, 2021. [Doc. 141]. At this Conference, the court and the Parties discussed an anticipated Motion to Dismiss by Holcim. *See* [*id.* at 1-2]. The court ordered the Parties to submit a joint status report discussing their respective positions on discovery, proposing a briefing schedule for the forthcoming Motion to Dismiss, and setting forth any discovery sought by the insurance carriers prior to the resolution of that Motion to Dismiss. [*Id.*]. The Parties filed such Status Report, in which the insurer-Parties indicated that they "intend to seek discovery on issues concerning the scope of defense of Holcim at three environmental sites in Washington" as well as "written and deposition discovery concerning walk that has been and/or is being performed by or on behalf of Holcim with respect to these three sites," and further represented that they "anticipate that disclosure of experts and expert discovery may be necessary." [Doc. 144 at 2].

Holcim filed its Motion to Dismiss on September 3, 2021, seeking, *inter alia*, to dismiss the crossclaims against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure—asserting a lack of subject matter jurisdiction—on the basis that such claims are moot. [Doc. 145 at 1].[2] More specifically, Holcim argues that the defense-sharing

---

[2] In the alternative, Holcim argues that the claims should be dismissed pursuant to Rule 12(b)(7) and 19(b) for failure to join required parties that cannot feasibly be joined. [Doc. 145].

4

issues were resolved by Judge Arguello's rulings on the Motions for Summary Judgment and thus the case should be dismissed for lack of subject matter jurisdiction. [*Id.* at 5-6].

That same day, Holcim filed the instant Motion to Stay Discovery, seeking to stay all discovery in this case pending the resolution of the Motion to Dismiss. [Doc. 146]. All other Parties—Plaintiff, Travelers, and Hartford (collectively, the "Insurers")—jointly responded in opposition to the Motion to Stay Discovery. [Doc. 148]. Additionally, these Parties simultaneously filed the Motion to Stay Briefing, seeking to stay the briefing schedule on the Motion to Dismiss pending the resolution of the Motion to Stay Discovery. [Doc. 149]. Holcim filed a joint Reply in support of its Motion to Stay Discovery and Response in opposition to the Motion to Stay Briefing, [Doc. 153], and the Insurers filed a joint Reply to the Motion to Stay Briefing on October 20, 2021. [Doc. 154].[3] The Motions are now ripe for disposition, and I consider the Parties' arguments below.

## LEGAL STANDARD – STAY OF DISCOVERY

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[3] On October 25, 2021, Holcim filed the instant Motion for Leave to File Surreply, seeking leave to file a surreply in opposition to the Motion to Stay Briefing. [Doc. 155]. The court has reviewed Holcim's proposed surreply and finds that it can adequately rule on the Motion to Stay Discovery without consideration of this document, instead electing to disregard what Holcim argues are new assertions in the Insurers' Reply. Accordingly, the Motion for Leave to File Surreply is **DENIED**.

5

burden or expense." Fed. R. Civ. P. 26(c).  Whether to stay discovery is a matter left to the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).  The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors").  *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues.  *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

**ANALYSIS**

Holcim seeks to stay discovery in the instant action pending the resolution of its Motion to Dismiss, arguing that the *String Cheese* factors weigh in favor of a stay here. [Doc. 146 at 5-9]. I consider the *String Cheese* factors and the Parties' related arguments in turn.

**The Parties' Interest in Proceeding Expeditiously**. First, the court must consider the interests of the Parties in proceeding expeditiously in this matter. Holcim argues that "there is little to no prejudice that would result from a temporary stay" because "[t]his case was recently reopened and there is not yet a trial setting or any scheduling order that would have to be modified if a stay were granted." [Doc. 146 at 7]. Moreover, Holcim asserts that cross-claimants Travelers and Hartford do not seek to recover damages in their claims and thus would not be prejudiced by a stay. [*Id.*]. In response, the Insurers argue that they would be prejudiced by a stay of discovery because they must conduct discovery into the factual predicates of Holcim's Motion to Dismiss. [Doc. 148 at 6]. In addition, they assert that a stay of discovery will delay the resolution of this case even further, which will too prejudice Travelers and Hartford. [*Id.* at 8].

The court respectfully agrees with the Insurers, as Travelers and Hartford "undoubtedly [have] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSJ-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences."). Indeed, this case was first filed in 2018, *see* [Doc. 23], as were Travelers's and Hartford's crossclaims, *see* [Doc. 83; Doc. 86], and the case will

likely not reach resolution through dispositive motions and/or trial until 2022 or 2023. While the court acknowledges that all Parties have contributed and/or consented to the delays in this litigation, *see, e.g.*, [Doc. 126; Doc. 129], the court is disinclined to permit any further delay in a case that has already been pending for over three years and that does not appear to be close to resolution. *See Sanchez*, 2020 WL 924607, at *5 (noting that, where events occurred in 2018 and case was not likely to be resolved until 2021, a stay of discovery was disfavored).

Moreover, Holcim has cited no authority standing for the proposition that, because a claimant does not seek damages, they will not be prejudiced by a stay of discovery. All claimants, no matter the relief they seek, have an interest in the speedy resolution of their claims, and further delay may result in prejudice to the claimants here. *See Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011) ("[W]ith the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). The court finds that this factor weighs against a stay of discovery.

**The Burden on Holcim**. As to the second *String Cheese* factor, Holcim asserts it will be burdened if required to proceed with discovery in this matter because there is a possibility that the court will ultimately conclude that it lacks subject matter jurisdiction over the crossclaims. [Doc. 146 at 8]. The Insurers counter that Holcim will not suffer any prejudice by participating in discovery in this case because regardless, this issue will be litigated; the only question is whether the litigation will take place in this case or in the State Court Action. [Doc. 148 at 9].

8

The court notes that "[d]efendants are always burdened when they are sued," *Chavez*, 2007 WL 683973, at *2, and typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells*, 2011 WL 2516390, at *1; *see also Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). The court does not find that the customary obligations and responsibilities of litigating a case in federal court create an *undue* burden on Holcim.

And although courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues," *Clarendon*, 2019 WL 1897845, at *2; *see, e.g.*, *Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020), the basis of a pending dispositive motion is not in and of itself determinative of whether a stay is warranted. Here, the Insurers correctly point out that Holcim will be required to participate in discovery related to the State Court Action. Thus, "any additional burden associated with also being asked questions [as to the claims in this case] would be minimal." *Estate of McClain v. City of Aurora*, No. 20-cv-02389-DDD-NRN, 2021 WL 307505, at *4 (D. Colo. Jan. 29, 2021); *see also Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *7 (D. Colo. Feb. 25, 2021) (finding that any additional burdens to defendants would be minimal when defendants would nevertheless be subject to discovery obligations in the case). The court finds that this second *String Cheese* factor weighs against a stay.

**The Convenience to the Court**. The third *String Cheese* factor, convenience to the court, similarly weighs against a stay. Courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable." *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008); *see also Chavez*, 2007 WL 683973, at *2 (stating that, because "motions to dismiss are denied more often than they result in the termination of a case[,] . . . it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary").

Simply put, "cases that linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and "entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable." *United States for Daro Tech, Ltd. v. Centerre Gov't Contracting Grp., LLC*, No. 13-cv-01811-REB-KMT, 2014 WL 1215565, at *12 (D. Colo. March 24, 2014). This case was originally filed in District Court for the City and County of Denver, State of Colorado on June 27, 2018. [Doc. 28]. It was then removed to the United States District Court for the District of Colorado on July 26, 2018. [Doc. 1]. A little over a year later, it was administratively closed to allow the Parties to attempt resolution. [Doc. 115]. That administrative closure lasted approximately 21 months. [Doc. 115; Doc. 117; Doc. 119; Doc. 123; Doc. 128; Doc. 130]. Further stays simply prolong the final resolution of this action. Thus, this court finds that a stay would negatively impact the efficient

management of this court's docket. I find that factor three favors proceeding with discovery.[4]

**Interests of Non-Parties**. As to the fourth *String Cheese* factor, Holcim does not identify any specific non-parties who may be affected by a stay in this matter. See [Doc. 146 at 8-9 (Holcim arguing that Travelers and Hartford want discovery from third-parties who "have an interest in being protected from discovery" until the resolution of the Motion to Dismiss, but not identifying any of these third-parties)]; *see also Genscape, Inc. v. Live Power Intel. Co. NA, LLC*, No. 18-cv-02525-WYD-NYW, 2019 WL 78933, at *3 (D. Colo. Jan. 2, 2019) ("[I]t is unclear to what extent the interests of nonparties will be impacted by discovery in this matter; thus, this factor neither favors nor counsels against a stay."). The court thus finds this factor is neutral. *See Minter*, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, fourth *String Cheese* factor was neutral).

---

[4] To the extent Holcim argues that "[i]f discovery proceeds now, there will be inevitable discovery disputes requiring court intervention" because "there is a complete disconnect between the existing requests for declaratory relief and the discovery that the insurers intend to seek," *see* [Doc. 146 at 8], the court finds this conclusion premature. Indeed, it appears from the record that Holcim is basing this assertion solely on the Insurers' brief description of the discovery they intend to seek related to the pending Motion to Dismiss. *See* [Doc. 144 at 2]. The court cannot conclude that the possibility of discovery disputes would overpower the court's "strong interest in ensuring the speedy resolution of the cases before it," *Birse v. CenturyLink, Inc.*, No. 17-cv-02872-CMA-NYW, 2019 WL 161642, at *3 (D. Colo. Jan. 2, 2019), particularly where it is not guaranteed that a concrete discovery dispute, requiring a discovery hearing, will arise. *See Genscape, Inc. v. Live Power Intel. Co. NA, LLC*, No. 18-cv-02525-WYD-NYW, 2019 WL 78933, at *3 (D. Colo. Jan. 2, 2019) (finding that "the potential for discovery disputes does not outweigh the court's determination that it is most efficient to move forward without a stay"); *see also Salls v. Secura Ins.*, No. 18-cv-00370-MSK-GPG, 2019 WL 1228068, at *2 (D. Colo. Mar. 16, 2019) ("Discovery disputes are the bread and butter of a magistrate judge's involvement in many civil actions and will no doubt continue to be such. The Court . . . cannot find that having to afford such guidance is a valid reason to stay one part of discovery in a particular action.").

***The Public Interest***.  Finally, Holcim asserts that the public has an interest in "efficient handling of legal disputes, avoiding unnecessary expenditures, and preserving judicial resources," which all favor of a stay.  [Doc. 146 at 9].  But while the public may have an interest in not wasting judicial resources, the court is not convinced that such is the case here, where there is no indication that requiring the Parties to proceed with discovery would result in the waste of judicial resources.  Moreover, the public also has a "strong interest . . . regarding the prompt and efficient handling of all litigation." *Wells*, 2011 WL 2516390, at *2.  "[C]onsiderations of fairness and timeliness will not be advanced by the imposition of a stay." *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016).  On balance, this factor weighs against issuing a stay of discovery.

Upon reviewing the *String Cheese* factors, the court finds no basis to depart from well-settled authority in this District that disfavors stays pending the resolution of a dispositive motion.  *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery.").  As a result, I will **DENY** the Motion to Stay Discovery.  And because the Motion to Stay Briefing was filed solely to stay briefing on the Motion to Dismiss pending the court's resolution of the Motion to Stay Discovery, the Motion to Stay Briefing is **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)  The Motion to Stay Discovery [Doc. 146] is **DENIED**;

(2)  The Motion to Stay Briefing [Doc. 149] is **DENIED as moot**;

12

(3)     Any responses to the Motion to Dismiss shall be filed no later than **December 27, 2021**;

(4)     Any reply in support of the Motion to Dismiss shall be filed on or before **January 10, 2021**; and

(5)     The Motion for Leave to File Surreply [Doc. 155] is **DENIED**.

DATED:  December 6, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge